MIGUEL EUGENIO BETANCES, PEDRO FORTIS TORRES, JOSÉ M. ARROYO, JUAN RAMOS BACETY, JUAN SURO BOU, JUAN M. RODRÍGUEZ, RAMÓN MELÉNDEZ QUILES y SIXTO RIVERA OTERO, demandantes y apelantes, *v.* LA JUNTA INSULAR DE ELECCIONES, demandada y apelada.

No. 4965.—*Sometido:* Diciembre 3, 1929. *Resuelto:* Junio 6, 1930.

*Bolívar Pagán,* abogado de los apelantes; *Attorney General James R. Beverley* y *Tomás Torres Pérez,* Subprocurador, abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Los apelantes establecieron este procedimiento de *certiorari* contra la Junta Insular de Elecciones alegando substancialmente que uno de ellos fué candidato para el cargo de alcalde del municipio de Orocovis, Puerto Rico, y los otros para miembros de la asamblea municipal del mismo municipio en las elecciones generales que tuvieron lugar el 6 de noviembre de 1928; que en el municipio de Orocovis no fueron abiertos a votación y elección seis colegios electorales, cuyos números consignan, no habiendo acudido a los mismos los funcionarios e inspectores de ellos; que el número total de los electores inscritos en esos colegios asciende a 822, que estaban dispuestos a votar; que la Junta Insular de Elecciones determinó que los candidatos de otro partido político resultaron electos por una mayoría de 60 votos según los escrutinios parcial y general de los demás colegios electorales del municipio; y que ese resultado de la elección es erróneo por cuanto dejaron de votar 822 electores en dichos seis colegios electorales sin culpa de ellos, número que es suficiente para afectar el resultado de la elección por ser únicamente 60 votos la mayoría obtenida por los candidatos contrarios en los demás colegios. Por esas alegaciones solicitaron la expedición del auto interesado para que la corte revise las actuaciones de la junta demandada en lo pertinente

al escrutinio en el municipio de Orocovis; y que no pudiendo la corte decidir los candidatos que resultaron electos ordene una nueva elección en los mencionados seis colegios electorales o en todos los colegios de dicho municipio.

La Junta Insular de Elecciones alegó que esa solicitud no expone hechos determinantes de causa de acción y sostenida por la corte esa excepción fué interpuesta la presente apelación.

La Ley de 1906 sobre impugnación de elecciones permitía que la validez de una elección por sufragio popular para un cargo que no fuese el de miembro de la Legislatura o Comisionado a los Estados Unidos pudiera ser impugnada por el candidato derrotado; y en su artículo 9 facultó al tribunal que conociera de la impugnación para declarar nula la elección y para ordenar otra nueva cuando apareciere que los funcionarios o directores de la elección negaron el privilegio de votar a un número de electores capacitados, cuyos votos, de haberse admitido habrían alterado materialmente el resultado de la elección. Esa ley fué declarada expresamente en vigor por otra de 1919, la que en su sección 93 dispone: "Si se suscitase una impugnación entre dos o más candidatos para algún cargo o cargos, y los tribunales, no pudiendo decidir cuál candidato o candidatos resultaren electos, ordenaren una nueva elección, entonces la Junta Insular de Elecciones dispondrá que se proceda a dicha elección, de acuerdo con el reglamento que prescribiere." Dicha ley sobre impugnación de elecciones de 1906 fué derogada expresamente por otra de 1923; y otra de 1924 ordenó en su sección 89 que la Junta Insular de Elecciones practicará el escrutinio de la documentación de las elecciones usando las listas de votantes y hojas de cotejo empleadas en dichas elecciones, que fueren enviadas al Superintendente General de Elecciones por las juntas locales; y en uno de sus últimos apartados dispone que: "el resultado del escrutinio de unas elecciones, según se declarare por la Junta Insular de Elecciones y publicare por el Superintendente General de Elecciones, será definitivo, a

menos que fuere impugnado por *certiorari* u otro procedimiento legal autorizado, que se interponga dentro de quince días después de la fecha de la publicación del resultado de ese escrutinio ante una corte de competente jurisdicción, y por la presente se autoriza en esos casos el procedimiento de *certiorari* en la corte de distrito de San Juan.''

En la petición de *certiorari* hecha en este caso por los apelantes contra la Junta Insular de Elecciones no·se alega acto alguno erróneo realizado por la junta demandada. Lo que por ella se pretende no es que sea corregido acto alguno de la Junta Insular sino que por no haber emitido sus votos los electores que estaban inscritos en varios colegios electorales ordene la corte una nueva elección en ellos o en todos los colegios electorales del municipio de Orocovis, fundándose los peticionarios en el artículo 93 de la citada ley de 1919 referente a que si se suscitare impugnación entre dos o más candidatos para algún cargo y los tribunales ordenaren una nueva elección, entonces la Junta Insular de Elecciones dispondrá que se proceda a ella de acuerdo con el reglamento que prescribiere; precepto que era consecuencia de la ley de 1906 sobre impugnación de elecciones que facultaba a los tribunales para ordenar nuevas elecciones; que era de carácter procesal en cuanto a la manera de proceder la junta cuando se ordenaba una nueva elección; que según sus palabras se refería claramente a casos de impugnación entre varios candidatos y que ha quedado sin efecto desde el momento en que fué derogada la ley que permitía tales impugnaciones y autorizaba a los tribunales para ordenar nuevas elecciones, siendo substituída por el auto de *certiorari* contra actos de la Junta Insular de Elecciones, por lo que tenemos que concluir que la petición de *certiorari* de los apelantes no aduce causa de acción contra la Junta Insular de Elecciones.

*La sentencia recurrida debe ser confirmada.*